UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BOYLE and KIM BOYLE, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| WILDE OF WEST ALLIS, INC.; TOYOTA MANUFACTURING, KENTUCKY, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; STATE FARM INSURANCE COMPANIES a/k/a STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 16-cv-973

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiffs, John and Kim Boyle ("Plaintiffs"), filed a Motion to Remand this case to the Circuit Court of Lake County, Illinois. On January 22, 2016, Defendants Toyota Motor Engineering & Manufacturing North America, Inc.; Toyota Motor Manufacturing, Kentucky, Inc.; Wilde of West Allis, Inc.; and Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota Defendants") removed this action from state court after the Plaintiffs amended their complaint to add a count for civil conspiracy. For the following reasons, the Plaintiffs' Motion to Remand [16] is granted.

### BACKGROUND

On October 15, 2009, John Boyle was driving his father's 2001 Toyota Camry when he was involved in an automobile collision. On October 12, 2011, Plaintiffs filed a Complaint in

state court against Defendants. Plaintiffs filed a Fourth Amended Complaint on May 1, 2015, which included counts for product liability, willful and wanton conduct, negligence, spoliation of evidence, and loss of consortium. The Fourth Amended Complaint referred to and incorporated a March 19, 2014 agreement between Toyota Defendants, the United States District Attorney, and the Department of Justice. The March 19, 2014 agreement was a deferred prosecution agreement that estopped the Toyota Defendants from denying certain facts. The Fourth Amended Complaint also incorporated Toyota Defendants' interactions with the National Highway Transportation Safety Agency (the "NHTSA"), including a recall of Toyota vehicles based on floor mat compatibility.

On December 23, 2015, Plaintiffs filed a Fifth Amended Complaint after the Circuit Court Judge suggested Plaintiffs amend the Fourth Amended Complaint to separate each allegation against each Toyota Defendant. The Fifth Amended Complaint pled: product liability against Wilde of West Allis, Inc.; product liability against Toyota Motor Manufacturing Kentucky, Inc.; product liability against Toyota Motor Sales, U.S.A., Inc.; willful and wanton conduct against Toyota Engineering and Manufacturing North America Inc., Toyota Motor Sales U.S.A., Inc., and Toyota Motor Manufacturing, Kentucky, Inc.; civil conspiracy against Toyota Engineering and Manufacturing North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Manufacturing, Kentucky, Inc.; negligent spoliation of evidence; and loss of consortium.

In Plaintiffs' civil conspiracy claim, Plaintiffs alleged damages arising from an agreement between the Toyota Defendants and the NHTSA. Plaintiffs alleged that the Toyota Defendants failed to disclose certain engineering reports prepared by Toyota Engineering and Manufacturing

North America, Inc. Those reports showed that pedals reaching the floor of Toyota automobiles, including the 2001 Toyota Camry, without clearance provided a risk for entrapment when combined with non-fitting or non-conforming floor mats. An e-mail circulated amongst Toyota Defendants stated that, had the NHTSA asked for a recall of the throttle pedal assembly, a recall would have cost Toyota Defendants in excess of $100,000,000.00. Plaintiffs allege that the conspiracy prevented a recall of the automobile involved in the accident and that NHTSA's failure to recall was a major factor or cause in the automobile crash.

On January 22, 2016, Toyota Defendants removed the action from state court. Plaintiffs filed their Motion to Remand on February 4, 2016.

## LEGAL STANDARD

For a case to be removable to federal court, the citizenship of the parties must be diverse, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332, 1441. Normally, a notice of removal must be filed within thirty days of receipt of a copy of the complaint by a defendant or within thirty days of the service of summons upon the defendant. *See* 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

A party must move to remand the case within thirty days after the filing of the notice of removal when the request is based on any defect other than lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c). A party may move to remand at any time based on a lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)

("subject-matter delineations must be policed by the courts on their own initiative even at the highest level"). The proponent of federal jurisdiction "bears the burden to show that the removal was timely and that it meets all the criteria." *Douthitt v. Arvinmeritor Inc.*, No. 13-cv-754, 2013 WL 5255677, at *2 (S.D. Ill. Sept. 17, 2013) (citing *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1179 (7th Cir. 2012)). The removal statute should be construed narrowly, and any doubts about jurisdiction should be resolved in favor of remand. *Doe v. Allied–Signal*, 985 F.2d 908, 911 (7th Cir. 1993).

**ANALYSIS**

Plaintiffs argue that this case should be remanded to state court because: (1) there is no federal question and therefore no basis for federal question jurisdiction; or (2) if a federal question does exist, it was first raised in the Fourth Amended Complaint, and therefore the removal was untimely. Defendants argue that Plaintiffs' Fifth Amended Complaint raised two bases for federal jurisdiction: (1) the civil conspiracy claim alleges an agreement between the Toyota Defendants and the NHTSA to not recall the 2001 Camry; and (2) the resolution of the claim rests solely on the interpretation and application of the federal regulatory scheme regarding motor vehicles.

A civil action brought in a state court "of which the district courts of the United States have original jurisdiction" may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). And a district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdiction may also be proper if a "well-pleaded complaint established that its right to relief under state law requires

4

resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

Defendants first claim that subject-matter jurisdiction exists because Toyota Defendants and the NHTSA are alleged to have conspired not to recall the 2001 Camry. However, the Fifth Amended Complaint does not allege a conspiracy with the NHTSA. The Fifth Amended Complaint alleges a conspiracy among the Toyota Defendants to hide pertinent information from the NHTSA.

Defendant also claims that the Fifth Amended Complaint raises a federal question. Federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Federal-question jurisdiction exists where the plaintiff's cause of action "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to arise under federal law, a claim must either plead a cause of action under federal law or plead a state-law claim that implicates significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. The Supreme Court has stated that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).

Plaintiffs' civil conspiracy claim does not necessarily raise an issue of federal law. A negligence claim based on the violation of a federal statute does not necessarily raise a federal question. *See Grable*, 545 U.S. at 319 ("A general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts."). Nor does the Fifth Amended Complaint raise a dispute, let alone a substantial one, about an issue of federal law. Federal laws and regulations do not have to be construed in order to determine if Toyota Defendants engaged in a conspiracy to hide information from the NHTSA. Further, there is no reason to believe that Congress, in creating a federal regulatory scheme regarding motor vehicles, meant to remove jurisdiction over state-law based civil claims because they raise a hypothetical motor vehicle issue. *See, e.g., Gunn*, 133 S. Ct. at 1068 ("We have no reason to suppose that Congress – in establishing exclusive federal jurisdiction over patent cases – meant to bar from state courts state legal malpractice claims simply because they require resolution of a hypothetical patent issue.") This case does not turn on issues of federal law, and remand is appropriate. *See Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 467 (7th Cir. 2015) (finding remand inappropriate where "resolution of this case turns on issues of federal law").

Nonetheless, even if there were a federal question, the removal was untimely. Defendants claim that the civil conspiracy count raised new claims. However, the pertinent allegations were made in the Fourth Amended Complaint as willful and wanton conduct. (Dkt. 1-2, ¶¶ 32-45.) The Fourth Amended Complaint alleged that Toyota had a duty to disclose defects to the NHTSA and that Toyota Defendants' failure to disclose defects it knew about to

6

the NHTSA was willful and wanton conduct. (*Id.* ¶¶ 32-34, 45.) These allegations clearly raise the same alleged federal question concerns about the federal statutory and regulatory regime regulating motor vehicles and a possible recall. Thus, Defendants were required to remove the complaint within thirty days of receiving the Fourth Amended Complaint. *See* 28 U.S.C. § 1446(b)(3). Since Plaintiffs filed the Fourth Amended Complaint on May 1, 2015, Defendants were required to file their notice of removal by May 31, 2015. Toyota Defendants untimely filed their notice of removal on January 22, 2016.

There is no federal question, and this case must be remanded for lack of subject-matter jurisdiction. However, even assuming a federal question was present, Toyota Defendants' Notice of Removal was untimely.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand [16] is granted.

Date:     June 23, 2016     /s/ _____
JOHN W. DARRAH
United States District Court Judge